PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROQUE Ríos Vázquez, Defendant and Appellant.

No. 4623. Argued January 21, 1932.—Decided January 28, 1932.

*E. Martínez Rivera* for appellant. *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the District Court of Bayamón, Roque Ríos Vázquez was convicted of having disturbed the public peace. The case reached the district court on appeal from the municipal court of Toa Alta.

The appellant says that the district court committed error in declaring itself with jurisdiction for hearing the case. This is an insufficient assignment of error, inasmuch as it does not set out why the district court was without jurisdiction.

The appellant maintains that the court had no jurisdiction because the record was not transmitted from the municipal court to the district court within five days after the appeal.

We do not agree with the appellant that the statute (paragraph 4, section 29 of the Code of Criminal Procedure as amended by Act No. 95 of 1925), is so imperative as to deprive the district court of jurisdiction. *People* v. *Rivera,* 42 P.R.R. 897. On the contrary, we incline to the view that if the jurisdiction of the District Court of Bayamón did not attach, then the judgment of the municipal court remained in force. It would be a strange system of jurisprudence if by errors of court officials a man who was convicted could escape punishment merely because the jurisdiction of the appellate court did not attach. As we said in *People* v. *Rivera, supra,* the duty of seeing to the transmission of the record devolves upon the appellant.

The case in which we declared that the law was imperative was one where the district court had already heard the evidence and failed to render judgment as required. *People* v. *Acosta,* 40 P.R.R. 451.

We find it unnecessary to consider in detail the question as to whether or not the defendant had a rapid trial. He was tried within 120 days, which is all that our statute requires.

The other assignment of error attacks the sufficiency of the complaint principally because it failed to state that the peace of somebody was disturbed. The complaint showed that the abusive words were directed to the policeman in charge and were heard by various persons. We have decided that if from the words of the complaint it may be readily deduced that the peace of other people was in fact disturbed, an exact averment to that effect is unnecessary. *People* v. *Escobar,* 36 P.R.R. 215; *People* v. *Massó,* 18 P.R.R. 523.

We do not find that the complaint was vague or confused, even if that question may be considered without being duly raised.

The judgment will be affirmed.